Gen. 291]                                                    291

## PUBLIC INFORMATION ACT

**CLERKS OF COURT – PERSONNEL – DISCLOSURE TO THIRD PARTY OF INFORMATION RELATED TO COMPLAINT AGAINST EMPLOYEE IS PROHIBITED**

November 18, 1993

*Mr. George B. Riggin, Jr.*
*State Court Administrator*

You have requested our opinion concerning disclosure of certain employee-related information generated as a result of allegations by a complainant that two employees in a circuit court clerk's office engaged in discriminatory behavior. You ask whether disclosure of the information by either the Clerk or the Administrative Office of the Courts to the complainant or to a third person, such as a media representative, is required, permitted, or prohibited.

For the following reasons, we conclude that disclosure of the information is prohibited.

## I

### Applicable Laws

With certain exceptions, the Maryland Public Information Act affords liberal access to public records. *See* §10-612 of the State Government Article ("SG" Article). A public record, a term that is broadly defined in SG §10-611(f), is required to be disclosed by the custodian "except as otherwise provided by law."

With respect to certain public records, the custodian is required to deny access under SG §§10-615 through 10-617. Personnel records fall within that category:

(1) Subject to paragraph (2) of this subsection, a custodian shall deny inspection of a personnel record of an individual, including an application, performance rating, or scholastic achievement information.

(2) A custodian shall permit inspection by:

(i) the person in interest; or

(ii) an elected or appointed official who supervises the work of the individual.

SG §10-616(i). The term "person in interest" includes "a person or governmental unit that is the subject of a public record or a designee of the person or governmental unit." SG §10-611(e). Thus, the interested person relative to a personnel record is the applicant or employee to whom the record relates. Although the term "personnel record" is not defined, its common meaning is a record that identifies an employee, is kept by the employer, and relates to matters like the hiring, promotion, discipline, or dismissal of the employee. *See Michigan Prof. Employees Soc. v. Department of Natural Resources*, 192 Mich. App. 483, 482 N.W.2d 460, 467 (1992); *Cf. State v. Hernandez*, 89 N.M. 698, 556 P.2d 1174, 1175 (1976) (the term "personnel matters" includes, but is not limited to, matters relating to hiring, discipline, or dismissal of an employee). The Department of Personnel defines "personnel record" to mean "any record, regardless of physical form, indexed by name or the employee's identification number." COMAR 06.01.04.02E(1).

Article IV, §10 of the Maryland Constitution provides, in pertinent part, that "[t]he offices of the Clerks [of the Circuit Courts], in all their departments, shall be subject to and governed in accordance with rules adopted by the Court of Appeals pursuant to Section 18 of this article." For the governance of the clerks' offices, the Court of Appeals has adopted Maryland Rules 1212 and 1213.

Rule 1212 d(1) provides that the State Court Administrator shall develop standards and procedures for, among other things, the "suspension, discharge or other discipline of employees in the clerks' offices"; these procedures are subject to approval of the

Court of Appeals. The procedures developed by your office and approved by the Court pursuant to Rule 1212 d include a chapter on job performance that addresses personnel behavioral problems, such as unprofessional or discourteous demeanor and "conduct unbecoming an employee of the Circuit Court Clerk's Office that tends to bring the office into disrepute." The procedure provides for management responses to perceived behavioral problems, ranging from informal coaching and counselling to suspension and discharge. Any written documentation relating to a disciplinary procedure is to be placed in the employee's official personnel file. This practice is consistent with that of the Department of Personnel. See COMAR 06.01.04.02E(2).

## II

### Analysis

An earlier Opinion of the Attorney General indicated that "[t]he obvious purpose of [SG §10-616(i)] is to preserve the privacy of personal information about a public employee that is accumulated during his or her employment." 65 *Opinions of the Attorney General* 365, 367 (1980). In a subsequent opinion addressing a similar exception to public access afforded letters of reference under SG §10-616(d), the Attorney General stated:

> One evident purpose of the PIA is to balance the right of public access with the protection of personal privacy. "[T]he provisions of this act shall be construed in every instance with the view toward public access, unless an unwarranted invasion of the privacy of a person in interest would result therefrom." ... The exemption for "letters of reference" serves this purpose, because letters of this type — whether solicited or unsolicited — often contain private information about the subject of the letter.

> Indeed, if an unsolicited letter about an employee's qualifications is incorporated into that employee's personnel file, the letter in

that file would not be available for public access, because the custodian may not disclose "personnel files." ... The employee's privacy interests are thereby protected.

68 *Opinions of the Attorney General* 335, 338 (1983) (citations omitted).

SG §10-611(c) defines "custodian" as including not only the official custodian but also "any other authorized individual who has physical custody and control of a public record." *See also* 65 *Opinions of the Attorney General* at 369. Thus, "personnel records" include not only the papers contained in the employee's official personnel file maintained by the official custodian, the Administrative Office of the Courts, but also papers relating to a personnel matter in the hands of an authorized custodian, the Clerk of the Court. No custodian may permit access to such records other than to a person or persons permitted access by law.

In 65 *Opinions of the Attorney General* at 368, the Attorney General indicated that SG §10-616(i) "was intended to give personnel file access only to the person who is the subject of the file or to those persons who actually supervise or are directly responsible for the supervision of the person who is the subject of the file." In an earlier opinion, the Attorney General explained that other persons, such as the Legislative Auditor, may be afforded access to personnel records under the exception set forth in SG §10-616(a), which prohibits disclosure of certain records "[u]nless otherwise provided by law." 60 *Opinions of the Attorney General* 554 and 559 (1975). However, any exception to the general prohibition against public access to personnel records must be supported by a clear legal basis for its authority, as when "the requesting agency has statutory duties which demonstrably cannot be effectively executed without access to personnel files." 60 *Opinions of the Attorney General* at 558 and 565. We are unaware of any law that expressly or implicitly affords access to personnel records relating to a disciplinary matter to either the complainant or other third person, such as a media representative.

# III

## Conclusion

In summary, it is our opinion that both the Clerk of the Circuit Court, as custodian of personnel records of employees of the Clerk's office, and the Administrative Office of the Courts, as official custodian of personnel records relating to employees of the Clerk's offices, are prohibited from disclosing those records to a complainant or to a third person, such as a representative of the media.

J. Joseph Curran, Jr.
*Attorney General*

Julia M. Freit
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*